**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

PNC BANK, NATIONAL
ASSOCIATION, AS SUCCESSOR TO
BBVA USA;

    *Plaintiff*,                                  Case No.  SA-25-CV-00912-JKP

v.

HOPSCOTCH PROPERTIES, LLC,
HOPSCOTCH HEALTH, LLC,
ESTEBAN R LOPEZ,

    *Defendants*.

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment. *ECF No. 23*. Defendants did not respond. Upon consideration, the Court **ADMINISTRATIVELY CLOSES** this matter and **DISMISSES** the Motion for Default Judgment subject to refiling.

### Factual Background

Plaintiff PNC Bank National Association filed suit upon the originally-named Defendants, Hopscotch Properties, Hopscotch Health, Hopscotch Health Children's Urgent Care, and Esteban Lopez. In the Complaint, PNC Bank alleges that on April 28, 2021, Hopscotch Properties, Hopscotch Urgent Care, and Hopscotch Health (collectively, the "Borrowers"), executed a U.S. Small Business Administration Note (the "Note"), whereby PNC Bank was the lender. In conjunction with the Note, Esteban Lopez provided an Unconditional Guarantee, under which Lopez became unconditionally liable for the full payment and performance of all of

the Borrowers' debts and obligations to PNC under the Note. In support of the Note, Hopscotch Properties and PNC Bank executed a Deed of Trust with Security Agreement (the "Hopscotch Deed of Trust") whereby Hopscotch Properties granted PNC Bank a secured interest in specific real property (the "Hopscotch Real Property").

The Borrowers failed to timely pay all payments as they became due and thereby defaulted on their obligations under the Note and Lopez's Unconditional Guarantee. Additionally, the Borrowers failed to pay taxes on the Hopscotch Real Property when due and failed to avoid liens for past due taxes, each constituting multiple events of default under the Hopscotch Deed of Trust and the Note. Consequently, PNC Bank accelerated maturity on the Note and filed this suit against the Borrowers and Lopez.

Following the filing of this suit and before any Answer, a single Borrower, Hopscotch Health Children's Urgent Care (Hopscotch Children's), filed a suggestion of bankruptcy. *ECF No. 7*. This Court entered an Order Regarding Suggestion of Bankruptcy requiring the parties to submit briefing concerning whether this action should be stayed as to the remaining co-Defendants pending the resolution of the bankruptcy proceeding. *ECF No. 8*. On October 27, 2025, PNC Bank responded that a court may extend the bankruptcy stay to non-debtors only when: (1) the debtor absolutely indemnifies the non-debtor, or (2) the litigation affects the debtor's property under § 362(a)(3). PNC Bank stated that, to its' knowledge, there is no indemnification agreement between Hopscotch Children's and the remaining Borrowers or Lopez, and the current litigation against the remaining Borrowers does not affect Hopscotch Children's property. Specifically, the real properties at issue in the litigation are owned by Hopscotch Properties and Lopez. *ECF No. 9*. In addition, PNC Bank argued the remaining Borrowers and Hopscotch Children's do not enjoy such an identity of interests such that a

lawsuit against the remaining Borrowers is essentially a lawsuit against Hopscotch Children's. *Id.*

PNC Bank continued to litigate this matter with Hopscotch Children's as a Defendant and without serving summons, until February 27, 2026, when it dismissed Hopscotch Children's as a Defendant and moved for entry of default against the remaining Borrowers and against Lopez. *ECF Nos. 20-21*; *see also ECF Nos. 16-18*.  PNC Bank obtained entry of default against the remaining Borrowers and Lopez and filed the pending Motion for Default Judgment against these parties. *ECF Nos. 16-18,21-22.*

**Discussion**

Upon Hopscotch Children's Suggestion of Bankruptcy, it became entitled to all of the rights, privileges and protections of the automatic stay afforded under 11 U.S.C. § 362, including a stay of this proceeding. *See ECF No. 7*. Generally, the automatic stay created by the filing of a bankruptcy petition protects only the debtor; it does not stay actions against a debtor's co-defendant. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). Courts, however, recognize certain exceptions to this baseline rule. For example, "a bankruptcy court may invoke § 362 to stay proceedings against non-bankrupt co-defendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). The § 362 stay "should extend to nonbankrupt codefendants only when there is a formal or contractual relationship between the debtor and non-debtors such that a judgment against one would in effect

be a judgment against the other." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001)). Further, courts other than a bankruptcy court have discretion to stay a proceeding against non-bankrupt co-defendants "in the interests of justice and in control of their docket." *Nat'l Oilwell Varco, L.P. v. Mud King Prod., Inc.*, No. CIV. 4:12-3120, 2013 WL 1948766, at *3 (S.D. Tex. May 9, 2013) (citing *Wedgeworth*, 706 F.2d at 545). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth*, 706 F.2d at 545. "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (citing *Wedgeworth*, 706 F.2d at 545).

Upon consideration of PNC Bank's response, the Court finds administrative closure of this matter to be appropriate. The Note that is the subject of this lawsuit involves the remaining Borrowers and Hopscotch Children's as borrowers and PNC Bank as lender, as well as Defendant Lopez's Unconditional Guarantee. These parties' default on the Note and Lopez's guarantee is a matter that is the subject of Hopscotch Children's Chapter 11 bankruptcy proceeding, during which this debt could be restructured or otherwise modified. Any default judgment on liability on the Note and the Unconditional Guarantee issued by this Court would be a final adjudication of liability on the same Note that is the subject of Hopscotch Children's bankruptcy proceeding. Based upon this procedural posture and potential for conflicting findings and judgment, the Court finds a formal or contractual relationship between Hopscotch Children's

and the non-debtor remaining Borrowers such that a judgment against one would be a judgment against the other. *See Arnold*, 278 F.3d at 436; *Beran*, 747 F.Supp.2d at 723.

The Court finds staying this proceeding against the remaining Borrowers and Lopez to be in the interests of justice and would facilitate efficient control of the Court's docket. *See Nat'l Oilwell Varco*, 2013 WL 1948766, at *3. Upon a balancing of the parties' interests and in consideration of the potential for conflicting judgments or result, the Court finds stay of this matter to be justified. *See Wedgeworth*, 706 F.2d at 545; *GATX Aircraft Corp.*, 768 F.2d at 716.

For these reasons, this action is hereby **STAYED** pending resolution of the bankruptcy proceeding involving Hopscotch Children's.

When a case is subject to an indefinite or lengthy stay, it is appropriate for administrative closure. *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). The act of administrative closure is not a dismissal or disposition of the case, nor any reflection or comment on the merits of this action. The Court or any party may initiate further proceedings as warranted. *See id.*

For the foregoing reasons, the Court finds administrative closure is warranted. The court **DIRECTS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** this case pending further court order**.** The parties shall file a Joint Status Report to advise the Court of any resolution of Hopscotch Children's bankruptcy proceeding within twenty days of such resolution. Such status report shall set out the parties' positions regarding whether this action may proceed at that time.

The Motion for Default Judgment is **DISMISSED** subject to refiling.

It is so ORDERED.
SIGNED this 16th day of June, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE